## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SELECT PORTFOLIO SERVICING, INC.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 4:23-cv-265** |
| **v.** | § | |
| | § | |
| **EDUARDO RENE FLORES and** | § | |
| **LILIA M. FLORES-GONZALEZ,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Select Portfolio Servicing, Inc. ("Plaintiff" or "SPS"), files this, its Original Complaint, complaining of Eduardo Rene Flores and Lilia M. Flores-Gonzalez ("Defendants"), and respectfully shows the Court as follows:

## I. PARTIES

1.     Plaintiff is appearing through its undersigned counsel for record.

2.     Defendant Eduardo Rene Flores is an individual and citizen of Texas who may be served at his residence, 2418 Union Mill Road, Houston, Texas 77067, or such other place as she may be located. Summons is requested.

3.     Defendant Lilia M. Flores-Gonzalez is an individual and citizen of Texas who may be served at his residence, 2418 Union Mill Road, Houston, Texas 77067, or such other place as she may be located. Summons is requested.

## II. JURISDICTION AND VENUE

4.     This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy

exceeds $75,000.00.

5.      SPS is a corporation organized and existing under the laws of the state of Utah with its principal place of business in the state of Utah. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation has its principal place of business. See 28 U.S.C. § 1332(c)(1). Therefore, Plaintiff is a citizen of Utah for diversity purposes.

6.      Defendants are both individuals and citizens of the state of Texas.

7.      Plaintiff is the holder of a note and beneficiary of a deed of trust on certain real property and improvements located at common address 2418 Union Mill Road, Houston, Texas 77067. (the "Property"). Plaintiff seeks certain declarations with respect to the Property. When a party seeks equitable, declaratory, or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hartford Ins. Group v. Lou-Con Inc*., 293 F.3d 908, 910 (5th Cir. 2002). As of the date of this Complaint, the fair market value of the subject real property is at least $274,422.00.   Further, the amount of the debt secured by Plaintiff's lien exceeds $75,000.00.  And for this alternative reason, the amount in controversy is met.

8.      Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. Section 1391(a)(2) because a substantial part of the events and omissions that give rise to the controversy occurred in this Division and District. The Property is located in Harris County, Texas, which is within this Division and District.

### III. FACTS

9.      On or about September 24, 2002, Mel Martinez, Secretary of Housing and Urban Development, of Washington D.C., conveyed certain real property to Diana Sleeman and a Special Warranty Deed was filed for record on September 27, 2022 in the Harris County, Texas property records at Instrument No. W108448. The property was described as:

LOT TWELVE (12) PLUS THE SOUTHEASTERLY 1.0 FOOT OF LOT 11 PLUS THE NORTHWESTERLY 2 FEET OF LOT 13, IN BLOCK SIX (6), OF RUSHWOOD, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OF PLAT THEREOF RECORDED IN VOLUME 218, PAGE 103 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (the "Property").

10.    On November 28, 2003, Diana Sleeman conveyed certain real property to Anthony Martin and Mae Oshea Martin and a General Warranty Deed with Vendor's Lien (with Second Lien) was filed for record on October 30, 2002 in the Harris County, Texas property records at Instrument No. X150797. The General Warranty Deed with Vendor's Lien (with Second Lieon) was re-recorded to correct the omitted portion of the legal description which inadvertently omitted the following boldened and underlined portion of the legal description:

LOT TWELVE (12) PLUS THE SOUTHEASTERLY 1.0 FOOT OF LOT 11 [**PLUS THE NORTHWESTERLY 2 FEET OF LOT 13**], IN BLOCK SIX (6), OF RUSHWOOD, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OF PLAT THEREOF RECORDED IN VOLUME 218, PAGE 103 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

11.    The Corrected General Warranty Deed with Vendor's Lien (with Second Lien) was filed for record on May 22, 2007, in the Harris County, Texas property records at Instrument No. 20070308379. A true and correct copy of the General Warranty Deed with Vendor's Lien is attached hereto as Exhibit A.

12.    On October 3, 2003, the Property was conveyed via Substitute Trustee's Deed from Thomas E. Reeder, Substitute Trustee, to Deutsche Bank Trust Company Americas f/k/a Bankers Trust Company, as Trustee and Custodian. The Substitute Trustee's Deed filed for record on October 5, 2006, in the Harris County, Texas property records at Instrument No. 20060098242. Due to a mutual mistake, the Substitute Trustee's Deed inadvertently omitted the northwesterly 2

(two) feet of Lot 13 from the legal description. A true and correct copy of the Substitute Trustee's Deed is attached hereto and incorporated herein as Exhibit B.

13.     On July 24, 2007, the Property was conveyed via Special Warranty Deed with Vendor's Lien to Defendants and additionally secured by a Deed of Trust of even date. The Special Warranty Deed with Vendor's Lien was recorded in the real property records of Harris County on August 14, 2007, at Instrument No. 20070498437.  A true and correct copy of the Special Warranty Deed with Vendor's Lien is attached hereto and incorporated herein as Exhibit C. Due to mutual mistake, the Special Warranty Deed with Vendor's Lien inadvertently omitted the northwesterly 2 (two) feet of Lot 13 from the legal description.

14.     On or about August 7, 2007, for value received, Eduardo Rene Flores executed a Note (the "Note") in the original principal sum of $94,430.00, originally payable to Taylor, Bean & Whitaker Mortgage Corp. A copy of the Note is attached as Exhibit D.

15.     The Note is secured by a Deed of Trust of even date therewith, signed by Lilia M. Flores-Gonzalez and Eduardo Rene Flores (together, "Defendants") and filed for record in the Official Public Records of Harris County, Texas under Instrument Number 20070498438 on August 14, 2007, creating a valid lien on the Property. A copy of the Deed of Trust is attached as Exhibit E. Due to mutual mistake, the Deed of Trust inadvertently omitted the northwesterly 2 (two) feet of Lot 13 from the legal description. The Note and Deed of Trust are hereinafter collectively referred to as the "Loan Agreement."

16.     Due to a mutual mistake at loan origination, the legal description of the Property attached to the Deed of Trust is incorrect. The parties intended to describe the Property as described in the Corrective General Warranty Deed; however, the legal description in the Deed of Trust inadvertently omitted the northwesterly 2 (two) feet of Lot 13 from the legal description.

17.     A written assignment of Deed of Trust from Mortgage Electronic Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corp. to Cenlar FSB was filed for record in the Official Public Records of Harris County, Texas under Instrument Number 20130186544 on April 19, 2013.  A copy of the Assignment of Deed of Trust is attached as Exhibit F.

18.     Subsequently, Cenlar FSB transferred and assigned the Loan Agreement to Nationstar Mortgage, LLC. The Corporate Assignment of Deed of Trust was filed for record in the Official Public Records of Harris County, Texas under Instrument Number 20130427455 on August 21, 2013. A copy of the Corporate Assignment of Deed of Trust is attached as Exhibit G.

19.     Subsequently, Nationstar Mortgage transferred and assigned the Loan Agreement to Plaintiff. The Corporate Assignment of Deed of Trust was filed for record in the Official Public Records of Harris County, Texas under Instrument Number RP-2019-532530 on December 3, 2019. A copy of the Corporate Assignment of Deed of Trust is attached as Exhibit H.

20.     Plaintiff is the current owner and holder of the Note and beneficiary of the Deed of Trust.

21.     Under the terms of the Loan Agreement, Defendants were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

22.     The Loan Agreement further provides that should Defendants fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Deed of Trust, the lender may enforce the Loan Agreement by selling the Property according to law and in accordance with the provisions set out in the agreement.

23.     Defendants failed to make the payments under the terms of the Loan Agreement. The Loan Agreement is currently due for the September 1, 2021, payment and all subsequent monthly payments. Notice of Default and request to cure was mailed to Eduardo Rene Flores in accordance with the Loan Agreement and the Texas Property Code on September 14, 2022. A true correct copy of the Notice of Default is attached hereto and incorporated herein as Exhibit I.  The default was not cured, and the maturity of the debt was accelerated.  Notice of Acceleration was mailed to Defendants in accordance with the Loan Agreement and the Texas Property Code on October 26, 2022. True and correct copies of the Notices of Acceleration are attached hereto and incorporated herein as Exhibit J.

24.     All conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

25.     Plaintiff brings this suit for declaratory judgment, reformation of deed of trust, and foreclosure so it may enforce its security interest in the Property.

## IV. CAUSE OF ACTION – DECLARATORY JUDGMENT

23.     The foregoing paragraphs are incorporated by reference for all purposes.

24.     Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

25.     Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of Borrower's failure to comply with the Loan Agreement.  Plaintiff is

therefore entitled to and seeks judgment against the Borrower for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by the Borrower, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

## V. CAUSE OF ACTION - REFORMATION

26.     The foregoing paragraphs are incorporated by reference for all purposes.

27.     Based on a mapping of the Property, the filings in the official property records of Harris County, Texas, the common address, and the intention of the parties to the Loan, the legal description should be reformed in the Security Instrument, Substitute Trustee's Deed, and Special Warranty Deed with Vendor's Lien and any other related and necessary filings in the chain of title for the Property.

28.     The legal description of the Property did not include the "northwesterly 2 (two) feet of Lot 13" in the legal description. Such was a mutual mistake, and Plaintiff is entitled to a reformation of the legal descriptions in the above-referenced filings to:

> LOT TWELVE (12) PLUS THE SOUTHEASTERLY 1.0 FOOT OF LOT 11 PLUS THE NORTHWESTERLY 2 FEET OF LOT 13, IN BLOCK SIX (6), OF RUSHWOOD, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OF PLAT THEREOF RECORDED IN VOLUME 218, PAGE 103 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

## VI. CAUSE OF ACTION - NON-JUDICIAL FORECLOSURE

29.     The foregoing paragraphs are incorporated by reference for all purposes.

30.     Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its security interest through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002.

31.     A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical,

efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

## VII. CAUSE OF ACTION - JUDICIAL FORECLOSURE

32.     The foregoing paragraphs are incorporated by reference for all purposes.

33.     In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

34.     Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the county where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

## PRAYER

For these reasons, Plaintiff SPS requests that, upon final hearing, Defendants be cited to appear and answer, and, the Court enter judgment awarding it:

a.     A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b.     A judgment reforming the Security Instrument, Substitute Trustee's Deed, Special Warranty Deed with Vendor's Lien and any other related and necessary filings in the chain of title to correctly describe the portion of the Property actually owned by the Defendants at origination of the Loan Agreement or acquired after origination;

c.      Attorney fees and costs of suit; and

d.      All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Admission #21340
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    Of Counsel
    State Bar No. 24093448
    Southern District Admission #3121681
    nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**