# EXHIBIT A

WD
ETC
C

05/22/2007   ER   $24.00

This document is being re-recorded to correct the legal description.
The correct legal description is attached as EXHIBIT "A".

## GENERAL WARRANTY DEED WITH VENDOR'S LIEN
### (With Second Lien)

Date:  October 28, 2003                                    GF# ███████

Grantor: Diana Sleeman
Grantor's Mailing Address (including county):
P.O. Box 285
Cypress              , Texas  77410
Harris County, Texas

Grantee: Anthony Martin and Mae Oshea Martin, Husband and Wife          **2EE**
Grantee's Mailing Address (including county):
2418 Union Mill Rd
Houston              , Texas  77067
Harris County, Texas

Consideration:       TEN AND NO/100 DOLLARS and other good and valuable consideration and the further consideration of two notes of even date that are the principal amounts of NINETY-NINE THOUSAND AND NO/100 DOLLARS ($99,000.00) and is executed by Grantee, payable to the order of SAXON MORTGAGE, INC.. There is also a second, junior and inferior Note in the principal amount of ELEVEN THOUSAND AND NO/100 DOLLARS ($11,000.00) and is executed by Grantee, payable to the order of Grantor. Both notes are secured by vendor's liens. The Superior Note's lien is retained in favor of SAXON MORTGAGE, INC, in this deed and by a deed of trust of even date, from Grantee to TIMOTHY J. HARVARD, Trustee. The Inferior Note's lien is retained in favor of Grantor, in this deed and by a deed of trust of even date, from Grantee to BRETT BARBISCH, Trustee.

SAXON MORTGAGE, INC, at Grantee's request, having paid in cash to Grantor that      **ASG**
portion of the purchase price of the property that is evidenced by the superior note described, the   **1EE**
vendor's lien and superior title to the property are retained for the benefit of SAXON MORTGAGE,   **1OR**
INC., and are transferred to SAXON MORTGAGE, INC, without recourse on Grantor, and the
vendor's lien evidenced in the inferior note is retained by Grantor.

Property (including any improvements):

Lot Twelve (12) plus the Southeasterly 1.0 foot of Lot 11, in Block Six (6), of RUSHWOOD,      **D**
SECTION TWO (2), a subdivision in Harris County, Texas, according to the map or plat
thereof recorded in Volume 218, Page 103 of the Map Records of Harris County, Texas.

Reservations From and Exceptions to Conveyance and Warranty:

Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently
recorded instruments, other than liens and conveyances, that affect the property; taxes for the current

ER 002 - 60 - 0004

year, the payment of which Grantee assumes.

Grantor, for the consideration, receipt of which is acknowledged, and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executor, administrators, successors or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

The vendor's liens against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

DIANA SLEEMAN                                          1OR

## ACKNOWLEDGMENT

STATE OF TEXAS

COUNTY OF HARRIS

This instrument was acknowledged before me on October 28, 2003, by DIANA SLEEMAN.

SUZETTE Y. MARTIN
Notary Public, State of Texas
My Commission Expires 06-29-2006

Notary Public, State of Texas

AFTER RECORDING RETURN TO:

Mae O'Shea Martin
2418 Union Mill Rd
Houston, TX 77067

ER 002 - 60 - 0005

GF No. ▮▮▮▮▮

EXHIBIT "A"

Lot Twelve (12) plus the Southeasterly 1.0 foot of Lot 11 plus the Northwesterly 2 feet of Lot 13, in Block Six (6), of RUSHWOOD, SECTION TWO (2), a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Volume 218, Page 103 of the Map Records of Harris County, Texas.

ER 002 - 60 - 0006

ER 002 - 60 - 0007

20070308379
# Pages 4
05/22/2007   08:00:21 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
BEVERLY KAUFMAN
COUNTY CLERK
Fees 24.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS

# EXHIBIT B

## SUBSTITUTE TRUSTEE'S DEED

THE STATE OF TEXAS:

KNOW ALL MEN BY THESE PRESENTS

COUNTY OF HARRIS:

THAT on **OCTOBER 28, 2003, ANTHONY MARTIN AND MAE OSHEA MARTIN, HUSBAND AND WIFE AS JOINT TENANTS** executed a certain Deed of Trust, which is of record **UNDER COUNTY CLERK'S FILE NO. X150825** of the Deed of Trust Records of HARRIS County, Texas, conveying to **TIMOTHY J. HARVARD** as Trustee(s), the hereinafter described property, to secure the payment of that one Note in the original sum of **$99,000.00**, of even date with said Deed of Trust executed by **ANTHONY MARTIN AND MAE OSHEA MARTIN, HUSBAND AND WIFE AS JOINT TENANTS** and payable to the order of **SAXON MORTGAGE, INC.** and more fully described in said Deed of Trust and to which reference is hereby made; and  .

WHEREAS, said Deed of Trust provides that if default be made in the payment of the principal or interest of said Note, or any part thereof, as the same shall become due and payable, the holder thereof may mature the entire indebtedness evidenced by the same, and, at the request of the holder of said indebtedness, it shall be the duty of the Trustee or his successor to proceed and sell said property for the satisfaction of said debt, after giving notice in the manner and for the length of time as provided in said Deed of Trust and as required by the applicable laws of the State of Texas; and

WHEREAS, default having been made in the payment of said indebtedness, and the holder of said indebtedness having declared same due, I, **THOMAS E. REDER ~~OR REX L. KESLER OR BRIAN G. CANO~~**, grantor and duly appointed Substitute Trustee under the provisions of said Deed of Trust, having been requested by the holder of said indebtedness to proceed and enforce said trust, did on **OCTOBER 3, 2006** (that being the first Tuesday in said month), offer the property for sale at the Courthouse of HARRIS County, Texas, in the area designated by the Commissioners Court of such county, if an area has been designated by the Court, during the hours designated on the Notice of Non-judicial Foreclosure Sale, same being between **1:00 P.M. AND 4:00 P.M.**, at public auction, to the highest bidder, for cash; and

WHEREAS, the undersigned did give notice of the time, place and terms of said sale for at least twenty-one (21) days before the date of said sale by filing a true and correct copy of the Notice of Non-judicial Foreclosure Sale with the Clerk of HARRIS County, Texas.  Mann & Stevens, P.C. served notice of the proposed sale by certified mail on each debtor obligated to pay such indebtedness according to the records of such holder by the deposit of a copy of the Notice of Non-judicial Foreclosure Sale enclosed in a postpaid wrapper properly addressed to each debtor at debtor's most recent address as shown by the records of the holder of such indebtedness in a post office of official depository under the care and custody of the United States Postal Service, and by filing and posting notice thereof as provided by applicable law and the Deed of Trust in the County of HARRIS, Texas; and

WHEREAS, at such sale said property was struck off by me and sold to **DEUTSCHE BANK TRUST COMPANY AMERICAS F/K/A BANKERS TRUST COMPANY, AS TRUSTEE AND CUSTODIAN** , whose mailing address is **C/O SAXON MORTGAGE SERVICES, INC. 4708 MERCANTILE DRIVE NORTH, FORT WORTH, TX, 76137**, grantee, for the sum of **$89,250.00**, that being the highest and best bid obtained for same.

NOW, THEREFORE, the undersigned, **THOMAS E. REDER ~~OR REX L. KESLER OR BRIAN G. CANO~~** as Substitute Trustee, for and in consideration of the sum of $89,250.00, cash to me in hand paid by **DEUTSCHE BANK TRUST COMPANY AMERICAS F/K/A BANKERS TRUST COMPANY, AS TRUSTEE AND CUSTODIAN** , the receipt of which is hereby acknowledged and confessed, do hereby GRANT, BARGAIN, SELL and CONVEY unto the said **DEUTSCHE BANK TRUST COMPANY AMERICAS  F/K/A BANKERS TRUST COMPANY, AS TRUSTEE AND CUSTODIAN** , the following described property lying and being situated in HARRIS County, Texas, to-wit:

**Notice of Confidentiality Rights:  If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records:  Your social security number or your driver's license number.**

M&S NO

LOT TWELVE (12) PLUS THE SOUTHEASTERLY 1.0 FOOT OF LOT 11, IN BLOCK SIX (6), OF RUSHWOOD, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 218, PAGE 103 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

TO HAVE AND TO HOLD the hereinabove described property and premises unto the said **DEUTSCHE BANK TRUST COMPANY AMERICAS F/K/A BANKERS TRUST COMPANY, AS TRUSTEE AND CUSTODIAN** and I, the undersigned, as Substitute Trustee, do hereby bind and obligate the said **ANTHONY MARTIN AND MAE OSHEA MARTIN, HUSBAND AND WIFE AS JOINT TENANTS** to WARRANT and FOREVER DEFEND the title to said property and premises unto the said **DEUTSCHE BANK TRUST COMPANY AMERICAS F/K/A BANKERS TRUST COMPANY, AS TRUSTEE AND CUSTODIAN** against every person whomsoever lawfully claiming or to claim the same or any part thereof, insofar as I am authorized to do under said Deed of Trust.

IN WITNESS HEREOF, this instrument has been executed on **OCTOBER 3, 2006.**

**THOMAS E. REDER OR REX L. KESLER OR BRIAN G. CANO**
Substitute Trustee

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

THE STATE OF TEXAS:

COUNTY OF HARRIS:

BEFORE ME, the undersigned authority, on this day personally appeared **THOMAS E. REDER OR REX L. KESLER OR BRIAN G. CANO**, known to me to be the person whose name is subscribed to the annexed Substitute Trustee's Deed, and acknowledged to me that said instrument was executed for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON **OCTOBER 3, 2006.**

My Commission Expires: _____

Printed Name: _____
Notary Public in and for the State of Texas

VERONIKA MINOR-BUFFINGTON
Notary Public, State of Texas
My Commission Expires
August 18, 2010

FILED
06 OCT -5 AM 8: 21
COUNTY CLERK
HARRIS COUNTY, TEXAS

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in file number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County Texas on

Return To:
Mann & Stevens, P. C.
550 Westcott, Suite 560
Houston, Tx 77007

OCT - 5 2006



COUNTY CLERK
HARRIS COUNTY, TEXAS

## NOTICE AFFIDAVIT

THE STATE OF TEXAS :

COUNTY OF HARRIS  :

BEFORE ME, the undersigned authority, on this day personally appeared **DIANA E. STEVENS, AGENT AND ATTORNEY FOR DEUTSCHE BANK TRUST COMPANY AMERICAS F/K/A BANKERS TRUST COMPANY, AS TRUSTEE AND CUSTODIAN** known to me to be a credible person, who, after being duly sworn upon his oath, did depose and say:

"That, **DEUTSCHE BANK TRUST COMPANY AMERICAS  F/K/A BANKERS TRUST COMPANY, AS TRUSTEE AND CUSTODIAN** the holder of the indebtedness secured by a Deed of Trust dated **OCTOBER 28, 2003** executed by **ANTHONY MARTIN AND MAE OSHEA MARTIN, HUSBAND AND WIFE AS JOINT TENANTS** to **TIMOTHY J. HARVARD**, Trustee, and recorded **UNDER COUNTY CLERK'S FILE NO. X150825** of the Deed of Trust Records in **HARRIS** County, Texas, did at least twenty-one (21) days preceding the date of sale made on **OCTOBER 3, 2006** by **THOMAS E. REDER OR REX L. KESLER OR BRIAN G. CANO** or his/her agent; file a true and correct copy of the Notice of Non-judicial Foreclosure Sale with the Clerk of **HARRIS** County, Texas,   did serve written notice of the proposed sale by certified mail on each debtor obligated to pay such indebtedness according to the records of such holder, by the deposit of the Notice of Non-judicial Foreclosure Sale enclosed in a postpaid wrapper properly addressed to each such debtor at debtor's most recent address as shown by the records of the holder of such indebtedness, in a post office or official depository under the care and custody of the United States Postal Service, and did file and post true and correct copies of the Notice of Non-judicial Foreclosure Sale as provided by applicable Texas law and as provided in said Deed of Trust, including notice to each such debtor that the sale would take place in the area designated by the Commissioners Court of such county between the hours of **1:00 P.M. AND 4:00 P.M.** on the sale date referenced above. Such sale did take place as aforesaid.

FURTHER, this Affiant sayeth not."

DIANA E. STEVENS, AGENT AND ATTORNEY FOR DEUTSCHE
BANK TRUST COMPANY AMERICAS F/K/A BANKERS TRUST
COMPANY, AS TRUSTEE AND CUSTODIAN

THE STATE OF **TEXAS**:

COUNTY OF **HARRIS**:

SUBSCRIBED AND SWORN TO  BEFORE ME, the undersigned authority, on this day personally appeared DIANA E. STEVENS, AGENT AND ATTORNEY FOR DEUTSCHE BANK TRUST COMPANY AMERICAS  F/K/A BANKERS TRUST COMPANY, AS TRUSTEE AND CUSTODIAN  known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON OCTOBER 3, 2006.

Notary Public in and for The State of Texas

VERONIKA MINOR-BUFFINGTON
Notary Public, State of Texas
My Commission Expires
August 18, 2010

FILED

06 OCT 17  PH 2: 32
COUNTY CLERK
HARRIS COUNTY, TEXAS

Return To:
Mann & Stevens, P. C.
550 Westcott, Suite 560
Houston, TX 77007

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNFORCEABLE UNDER FEDERAL LAW
THE STATE OF TEXAS
COUNTY OF HARRIS
    I hereby certify that this instrument was FILED in file number Sequence on the
date and at the time stamped hereon by me; and was duly RECORDED, in the
Official Public Records of Real Property of Harris County Texas on

## OCT 1 7 2006

COUNTY CLERK
HARRIS COUNTY, TEXAS

# EXHIBIT C

08/14/2007   ER   $20.00

WD
ETC
C

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON,
YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM
ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE
IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY
NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

GF# ███████
LOAN# ███████

## SPECIAL WARRANTY DEED WITH VENDOR'S LIEN

ER 003 - 79 - 0448

**Date:** _July 24th_, 2007 _(Effective August 8, 2007)_

**Grantor:** DEUTSCHE BANK TRUST COMPANY AMERICAS F/K/A BANKERS TRUST
COMPANY, AS TRUSTEE AND CUSTODIAN BY SAXON MORTGAGE
SERVICES, INC. F/K/A MERITECH MORTGAGE SERVICES, INC. AS
ATTORNEY-IN-FACT.

**Grantor's Mailing Address (including county):**

Saxon Mortgage Services Inc.
4708 Mercantile Dr. N.
Fort Worth Tx. 76137
817-665-7346

_Tarrant County_

**Grantee:** EDUARDO _Rene Flores, a married man_          1EE

**Grantee's Mailing Address (including county):**

_2484 Union Mell Rd_
_Houston TX 47067_

(_Harris_ County)

**Consideration:**

The sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration
to the undersigned in hand paid by Grantee herein named, the receipt of which is hereby
acknowledged and further consideration of the execution and delivery by Grantee of one certain
Promissory Note of even date herewith in the principal sum of _Ninety four thousand_
_four hundred thirty and 0/00_        AND NO/100 DOLLARS ($ _94,430.00_ )
payable to the order of _Taylor, Bean & Whitaker Mortgage Corporation in Ocala, FL_,
_____ (city,state), as therein provided and bearing interest at the rates therein specified, and
providing for acceleration of maturity in event of default and for attorney's fees, the payment of
which note is secured by the Vendor's Lien herein retained, and is additionally secured by a
Deed of Trust of even date herewith to _Tommy Bastian_, Trustee. _Barrett Burke Wilson Castle Daffin & Frappier, LLP_

**Property (including any improvements):**

Lot Twelve (12) plus the Southeasterly 1.0 foot of Lot 11, in Block Six (6), of RUSHWOOD,
SECTION TWO (2), a subdivision in Harris County, Texas, according to the map or plat thereof
recorded in Volume 218, Page 103 of the Map Records of Harris County, Texas.          D

**Reservations from and Exceptions to Conveyance and Warranty:**

This conveyance is made and accepted subject to the following matters, to the extent same are in
effect at this time: any and all restrictions, covenants, conditions and easements, if any, relating
to the herein above described property, but only to the extent they are still in effect, shown of
record in the herein above mentioned County and State, and to all zoning laws, regulations and
ordinances of municipal and/or other governmental authorities, if any, but only to the extent that
they are still in effect, relating to the herein above described property.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through, or under Grantor, but not otherwise, except as to the reservations from and exceptions to warranty.

It is expressly agreed that the VENDOR'S LIEN, as well as the Superior Title in and to the above described premises, is retained against the above described property, premises and improvements until the above described Note and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, at which time this Deed shall become absolute.

Taylor, Bean & Whitaker Mortgage Corp. (Lender) at the instance and request of the Grantee herein, having advanced and paid in cash to the Grantor herein that portion of the purchase price of the herein described property as is evidenced by the hereinabove described Note, the Vendor's Lien, together with the Superior Title to said property, is retained herein for the benefit of said Lender and the same are hereby TRANSFERRED AND ASSIGNED to said Lender, its successors and assigns.

When the context requires, singular nouns and pronouns include the plural.

EXECUTED on the date first above written.

DEUTSCHE BANK TRUST COMPANY
AMERICAS F/K/A BANKERS TRUST
COMPANY, AS TRUSTEE AND
CUSTODIAN

By: _____

SAXON MORTGAGE SERVICES, INC. F/K/A
MERITECH MORTGAGE SERVICES, INC.
AS ATTORNEY-IN-FACT
Scot Kaiser, AVP

STATE OF Colorado

COUNTY OF Denver

This instrument was acknowledged before me on the 21 day of July, 2007, by Scott Dyer, AVP, of SAXON MORTGAGE SERVICES, INC. F/K/A MERITECH MORTGAGE SERVICES, INC. AS ATTORNEY-IN-FACT on behalf of DEUTSCHE BANK TRUST COMPANY AMERICAS F/K/A BANKERS TRUST COMPANY, AS TRUSTEE AND CUSTODIAN.

_____
Notary Public in and for the State of Colorado

AFTER RECORDING RETURN TO:

7418 Union Mill Rd
Houston TX 77067

My Commission Expires
MARCH 22, 2011

ER 003 - 79 - 0449

ASG
1EE
4OR

4OR

ER 003 - 79 - 0450

20070498437
# Pages 3
08/14/2007   13:35:50 PM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
BEVERLY KAUFMAN
COUNTY CLERK
Fees 20.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK,
HARRIS COUNTY, TEXAS

# EXHIBIT D

# NOTE

| August 08, 2007 | Houston | Texas |
|---|---|---|
| [Date] | [City] | [State] |

**2418 Union Mill Road**
**Houston, TX 77067**

[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $94,430.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Taylor, Bean & Whitaker Mortgage Corp.**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **7.2500%.**

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **October 01, 2007** I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **September 01, 2037** , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **Taylor, Bean & Whitaker Mortgage Corp., 1417 North Magnolia Ave, Ocala, FL 34475**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $644.18

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1866L1 (0312)—TEXAS

*(Page 1 of 3 pages)*

Form 3200 1/01

GreatDocs™
To Order Call: 1-800-968-5775





**5.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

   **(A)  Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of          **Fifteen**          calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be          **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

   **(B)  Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

   **(C)  Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

   **(D)  No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   **(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1960L2 (0312)—TEXAS

*(Page 2 of 3 pages)*

Form 3200 1/01

GreatDocs ™
To Order Call 1-800-968-5775

R. F.

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
Eduardo Rene Flores                    -Borrower                                          -Borrower

_____ (Seal)        _____ (Seal)
                                       -Borrower                                          -Borrower

_____ (Seal)        _____ (Seal)
                                       -Borrower                                          -Borrower

**Without recourse, pay to the order of**                                   [Sign Original Only]

**By: Taylor, Bean & Whitaker
    Mortgage Corp.**

Erla Carter-Shaw, E.V.P.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

ITEM 1968L3 (0312)—TEXAS                          (Page 3 of 3 pages)                GreatDocs™
                                                                            To Order Call: 1-800-968-5775

# EXHIBIT E



After Recording Return To:
FIDELITY NATIONAL TITLE INSURANCE
COMPANY
4540 FM 1960 W.
HOUSTON          , TX      77069

**Notice of Confidentiality Rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your social security number or your driver's license number.**

───────────────[Space Above This Line For Recording Data]───────────────

# DEED OF TRUST

MIN: ████████████

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** "**Security Instrument**" means this document, which is dated **August 08, 2007**                    , together with all Riders to this document.

**(B)** "**Borrower**" is **Eduardo Rene Flores and Lilia M Flores-Gonzalez, Husband and Wife, As Community Property**

Borrower is the grantor under this Security Instrument.

**(C)** "**Lender**" is **Taylor, Bean & Whitaker Mortgage Corp.**
Lender is a a **Florida Corporation**                              organized and existing under
the laws of **FL**                                              . Lender's address is
**1417 North Magnolia Ave, Ocala, FL  34475**

                                      . Lender includes any holder of the Note who is
entitled to receive payments under the Note.

**(D)** "**Trustee**" is **Tommy Bastian, Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.**

Trustee's address is **15000 Surveyor Blvd., Suite 100, Addison, TX 75001**

**(E)** "**MERS**" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.**

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3044 1/01

MERS                                                                              GreatDocs™
ITEM 2785L1 (0704)                                                                (Page 1 of 13)



**(F)** "Note" means the promissory note signed by Borrower and dated **August 08, 2007** . The Note states that Borrower owes Lender **Ninety Four Thousand Four Hundred Thirty and no/100**
Dollars (U.S. **$94,430.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **September 01, 2037** .

**(G)** "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

**(H)** "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(I)** "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☒ Planned Unit Development Rider | ☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | |

**(J)** "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K)** "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L)** "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M)** "Escrow Items" means those items that are described in Section 3.

**(N)** "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O)** "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P)** "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q)** "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R)** "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERS
ITEM 2705L2 (0704)

Form 3044 1/01
GreatDocs™
(Page 2 of 13)

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the **County** of

[Type of Recording Jurisdiction]

**Harris**                                                :
[Name of Recording Jurisdiction]
**See Attached Exhibit A.**

which currently has the address of                                    **2418 Union Mill Road**
                                                                             [Street]

**Houston**                       , Texas       **77067**          ("Property Address"):
[City]                                            [Zip Code]

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

    UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
    1.    **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3044 1/01
MERS                                                                                              GreatDocs™
ITEM                                                                                             (Page 3 of 12)

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2.   Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3.   Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3044 1/01

MERS

ITEM 2705L4 (0704)                                                                    GreatDocs™

(Page 4 of 13)

holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.   **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.   **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERS
ITEM 2705L5 (0704)

Form 3044 1/01
GreatDocs™
(Page 5 of 12)

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.  Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.  Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.  Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9.  Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument;

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MERS

ITEM ▇▇▇▇▇

Form 3044 1/01

GreatDocs™

(Page 6 of 13)

(b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10.  Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a)  Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b)  Any such agreements will not affect the rights Borrower has—if any—with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11.  Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period,

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MERS

ITEM ▮▮▮▮▮▮

Form 3044 1/01

GreatDocs™

(Page 7 of 13)

Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MERS

ITEM

Form 3044 1/01

GreatDocs™

(Page 8 of 13)

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERS
ITEM ████████

Form 3044 1/01
GreatDocs™
(Page 9 of 13)

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to,

**TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
Form ▮▮▮▮
MERS
ITEM ▮▮▮▮▮
GreatDocs™
*(Page 10 of 13)*

any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22.  Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence. For the purposes of this Section 22, the term "Lender" includes any holder of the Note who is entitled to receive payments under the Note.

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law. Lender shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law. Sale shall be made at public vendue. The sale must begin at the time stated in the notice of sale or not later than three hours after that time and between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty from Borrower. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

**23.  Release.** Upon payment of all sums secured by this Security Instrument, Lender shall provide a release of this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24.  Substitute Trustee; Trustee Liability.** All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together. Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title, rights remedies, powers and duties conferred upon Trustee herein and by Applicable Law.

Trustee shall not be liable if acting upon any notice, request, consent, demand, statement or other document believed by Trustee to be correct. Trustee shall not be liable for any act or omission unless such act or omission is willful.

**25.  Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                                    Form 3044 1/01
MERS
ITEM ████████                                                                                            GreatDocs™
                                                                                                       (Page 11 of 13)

26.  **Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

27.  **Purchase Money; Owelty of Partition; Renewal and Extension of Liens Against Homestead Property; Acknowledgment of Cash Advanced Against Non-Homestead Property. Check box as applicable:**

☐  **Purchase Money.**

The funds advanced to Borrower under the Note were used to pay all or part of the purchase price of the Property. The Note also is primarily secured by the vendor's lien retained in the deed of even date with this Security Instrument conveying the Property to Borrower, which vendor's lien has been assigned to Lender, this Security Instrument being additional security for such vendor's lien.

☐  **Owelty of Partition.**

The Note represents funds advanced by Lender at the special instance and request of Borrower for the purpose of acquiring the entire fee simple title to the Property and the existence of an owelty of partition imposed against the entirety of the Property by a court order or by a written agreement of the parties to the partition to secure the payment of the Note is expressly acknowledged, confessed and granted.

☐  **Renewal and Extension of Liens Against Homestead Property.**

The Note is in renewal and extension, but not in extinguishment, of the indebtedness described on the attached Renewal and Extension Exhibit which is incorporated by reference. Lender is expressly subrogated to all rights, liens and remedies securing the original holder of a note evidencing Borrower's indebtedness and the original liens securing the indebtedness are renewed and extended to the date of maturity of the Note in renewal and extension of the indebtedness.

☐  **Acknowledgment of Cash Advanced Against Non-Homestead Property.**

The Note represents funds advanced to Borrower on this day at Borrower's request and Borrower acknowledges receipt of such funds. Borrower states that Borrower does not now and does not intend ever to reside on, use in any manner, or claim the Property secured by this Security Instrument as a business or residential homestead. Borrower disclaims all homestead rights, interests and exemptions related to the Property.

28.  **Loan Not a Home Equity Loan. The Loan evidenced by the Note is not an extension of credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution. If the Property is used as Borrower's residence, then Borrower agrees that Borrower will receive no cash from the Loan evidenced by the Note and that any advances not necessary to purchase the Property, extinguish an owelty lien, complete construction, or renew and extend a prior lien against the Property, will be used to reduce the balance evidenced by the Note or such Loan will be modified to evidence the correct Loan balance, at Lender's option. Borrower agrees to execute any documentation necessary to comply with this Section 28.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 13 of this Security Instrument and in any Rider executed by Borrower and recorded with it.

*Eduardo Rene Flores* (Seal)
**Eduardo Rene Flores** -Borrower

*Lilia M Flores Gonzalez* (Seal)
**Lilia M Flores-Gonzalez** -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

State of ~~Texas~~ Arizona
County of ~~mo-tana~~

This instrument was acknowledged before me on  8ᵗ August 2007  (date) by

*Eduardo Rene Flores*

(person[s] acknowledging).

_____
Notary Public

My commission expires:  6-20-10

TEXAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
MERS
ITEM ▇▇▇▇

Form 3044 1/01
GreatDocs™
(Page 13 of 13)

# EXHIBIT F

20130186544
04/19/2013 ER $16.00

ASSGN
N

### ASSIGNMENT OF DEED OF TRUST

THE STATE OF TEXAS      §
                       §    KNOW ALL MEN BY THESE PRESENTS
COUNTY OF HARRIS      §

Loan No. ████████
File No. Fmcen7/0316
MERS No (MIN). 100029500019032964 MERS Phone No.. 888-679-6377

THAT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP. ("Assignor"), for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to Assignor in hand paid by CENLAR FSB ("Assignee"), the receipt of which is hereby acknowledged and confessed, has SOLD, ASSIGNED, TRANSFERRED and CONVEYED, and by these presents does SELL, ASSIGN, TRANSFER and CONVEY unto Assignee that certain Deed of Trust executed by EDUARDO RENE FLORES and LILIA M. FLORES-GONZALEZ, husband and wife, as community property dated August 08, 2007 and recorded under File No. 20070498438, of the Official Public Records of Real Property of Harris County, Texas, encumbering the real property described as follows:

LOT TWELVE (12) PLUS THE SOUTHEASTERLY 1.0 FOOT OF LOT 11, IN BLOCK SIX (6), OF RUSHWOOD, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 218, PAGE 103 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS ("Property")
Street Address: 2418 Union Mill Road, Houston, Texas 77067

TO HAVE AND TO HOLD unto said Assignee, its successors and assigns, forever.

Executed the _10_ day of ___April 2013___

             MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR TAYLOR, BEAN & WHITAKER MORTGAGE CORP.

             By _____
             Name:
             Title: **Jennifer L Dobron**    **Assistant Secretary**

THE STATE OF _NJ_      §
COUNTY OF _Mercer_      §

**Jennifer L. Dobron** This instrument was acknowledged before me on _10_ day of _April 2013_ by _____ (name) **Assistant Secretary** (title) on behalf of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, known or proven to me to be the person whose name is subscribed to the foregoing instrument and who acknowledged to me that he/she is authorized to execute this instrument on behalf of Mortgage Electronic Registration Systems, Inc., and the he/she executed same for the purposes and consideration therein expressed.

             _____
             Notary Public, State of _NJ_
             My Commission Expires _1/22/18_

Address of Grantee ("Assignee")
425 Phillips Boulevard
Ewing, NJ 08618

             NANCY K. MORRIS
             NOTARY PUBLIC OF NEW JERSEY
             My Commission Expires January 22, 2018

AFTER RECORDING RETURN TO
Janice Vessella
Hughes, Watters & Askanase, L.L.P.
Three Allen Center
333 Clay Street, 29th Floor
Houston, Texas 77002

ER 043 - 67 - 2496

Fmcen7 0316

ER 043 - 67 - 2497

20130186544
# Pages 2
04/19/2013    16:00:31 PM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
STAN STANART
COUNTY CLERK
Fees 16.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS

# EXHIBIT G

ASSGN
D

20130427455
08/21/2013  RP1  $16.00

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Loan #:▮▮▮▮▮▮
**Effective Date 05/16/2013**

**FOR GOOD AND VALUABLE CONSIDERATION**, the sufficiency of which is hereby acknowledged, the undersigned, CENLAR FSB, WHOSE ADDRESS IS 425 Phillips Blvd, Ewing, NJ, 08618, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Deed of Trust with all interests secured thereby, all liens, and any rights due or to become due thereon, to **NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067** (469)549-2000, ITS **SUCCESSORS OR ASSIGNS, (ASSIGNEE).**    IEE

Said Deed of Trust bearing the date 08/08/2007, was executed by **EDUARDO RENE FLORES AND LILIA M. FLORES-GONZALEZ** and recorded as Instrument # 20070498438, in Book , Page , in the records of Real Property of HARRIS County, Texas.

**IN WITNESS WHEREOF,** this Assignment is executed on 08 / 02 / 2013 (MM/DD/YYYY).    10R
**CENLAR FSB**

By: _____
Jeffery Hillman
**VICE PRESIDENT**

STATE OF NEW JERSEY   COUNTY OF MERCER   8  12  2013 (MM/DD/YYYY), by Jeffery
The foregoing instrument was acknowledged before me on _____ , who, as such VICE PRESIDENT being authorized to do so,
Hillman as VICE PRESIDENT for CENLAR FSB, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_____
Sheila Owens
Notary Public - State of NEW JERSEY
Commission expires: 03/08/2015



SHEILA M. OWENS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires March 8, 2015

SHEILA M. OWENS
NOTARY
PUBLIC
NEW JERSEY

**Document Prepared By:** Robert E. Fletcher - c/o NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683
(800)346-9152

When Recorded Return To: Federal Home Loan Mortgage Corporat, C/O NTC 2100 Alt. 19 North, Palm Harbor, FL 34683

FHLNA▮▮▮▮▮ -- CENLAR ▮▮▮▮▮▮ ▮▮▮▮▮▮

RP 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

RP 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

FILED FOR RECORD
8:00 AM

AUG 21 2013

*Stan Stewart*
County Clerk, Harris County, Texas

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
   I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time
stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris
County, Texas

AUG 21 2013

*Stan Stewart*
COUNTY CLERK
HARRIS COUNTY, TEXAS

# EXHIBIT H

RP-2019-532530

## CORPORATE ASSIGNMENT OF DEED OF TRUST



**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the undersigned, **NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 8950 CYPRESS WATERS BLVD., COPPELL, TX 75019, (ASSIGNOR),** by these presents does convey, grant, assign, transfer and set over the described Deed of Trust with all interests secured thereby, all liens, and any rights due or to become due thereon, to **SELECT PORTFOLIO SERVICING, INC., WHOSE ADDRESS IS, 3217 SOUTH DECKER LAKE DRIVE, SALT LAKE CITY, UT 84119-3284, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Deed of Trust bearing the date 08/08/2007, was executed by **EDUARDO RENE FLORES AND LILIA M. FLORES-GONZALEZ** and recorded as **Filing # 20070498438**, in the records of Real Property of **HARRIS** County, **Texas**.

**IN WITNESS WHEREOF,** this Assignment is executed **this 02nd day of December in the year 2019.**
**NATIONSTAR MORTGAGE LLC**

_MWiner_
_____
HANNA WINER
**VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

STATE OF FLORIDA
COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on this 02nd day of December in the year 2019, by Hanna Winer as VICE PRESIDENT of NATIONSTAR MORTGAGE LLC, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_Melissa May_
_____
**MELISSA MAY**
**COMM EXPIRES: 10/27/2023**



MELISSA MAY
Notary Public - State of Florida
Commission # GG 926423
My Comm. Expires Oct 27, 2023
Bonded through National Notary Assn.

**Document Prepared By:** Robert E. Fletcher - c/o NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

When Recorded Return To: Nationstar Mortgage LLC, C/O Nationwide Title Clearing, Inc. 2100 Alt. 19 North, Palm Harbor, FL 34683

NSBTA████████████████        DOCR T021912-08:28:56 [C-1]  EFRMTXG1

RP-2019-532530

RP-2019-532530

# Pages 2

12/03/2019 09:39 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

DIANE TRAUTMAN

COUNTY CLERK

Fees   $16.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# EXHIBIT I



USPS CERTIFIED MAIL

9214 8901 0764 3214 4442 72

EDUARDO FLORES
2418 UNION MILL RD
HOUSTON, TX 77067





Sign up for paperless delivery
at www.spservicing.com

Paperless

September 14, 2022



EDUARDO FLORES
2418 UNION MILL RD
HOUSTON, TX 77067

*Sent via certified mail*

**PLEASE READ THIS NOTICE CAREFULLY. TAKE ACTION TO AVOID THE LOSS OF YOUR PROPERTY.**

**DEMAND LETTER –NOTICE OF DEFAULT**
**NOTICIA DE OMISION**

**Account Number:** ▮▮▮▮▮▮▮
**Property Address:** 2418 UNION MILL RD
HOUSTON TX 77067

Dear Customer(s):

SPS is acting as the Mortgage Loan Servicer for Freddie Mac, who is the owner of the Note and Deed of Trust associated with your real estate loan. SPS, as Mortgage Loan Servicer, is representing Freddie Mac, whose address is:

Freddie Mac
C/O Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr., Salt Lake City, UT 84119

SPS is authorized to represent Freddie Mac, by virtue of a servicing agreement. Pursuant to the servicing agreement and Texas Property Code 51.0025, SPS is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above-referenced loan. All notices, payments, correspondence, and other communications regarding your real estate loan should continue to be directed to SPS.

The mortgage on your property is in default as a result of your failure to make payments as required by the Note and Deed of Trust or Mortgage (Security Instrument). We have previously sent you letters and communications regarding this default in an attempt to resolve this matter. This letter provides information about the default and what rights you have to cure the default. SPS has been instructed on behalf of the owner of the Note and Deed of Trust to pursue remedies under the Security Instrument unless you take action to cure the default before the Cure Date shown below.

This letter provides notice of the following:

**The Default**
You have failed to make payments under the Note and Security Instrument as shown below. This letter is a formal demand for payment.



LR069 1358.V.2.1                         00266169000128020300

**Action Required to Cure the Default**
To cure this default, you must pay the Amount Required to Cure together with payments which may subsequently become due, on or before the Cure Date listed.

**Amount Required to Cure the Payment Default**
As of the date of this letter, the total amount due and required to cure the default on your loan is $16,554.26 (Amount Required to Cure) as itemized below:

| Itemization of Amount Required to Cure<br>Cure Date: October 17, 2022 | |
|---|---:|
| Payment due for 09/01/2021 | $16,640.31 |
| *Total amount due includes Escrow Payments (Taxes/Insurance) of $942.95* | |
| Accrued Late Charges | $0.00 |
| Advances made on Customer's behalf | $60.00 |
| Escrow advance balance (Deficit) | $0.00 |
| **Total Amount Outstanding** | **$16,700.31** |
| Unapplied balance | $146.05 |
| **AMOUNT REQUIRED AS OF September 14, 2022 TO CURE THE DEFAULT** | **$16,554.26** |

If additional payments become due between the date of this letter and the Cure Date, those sums must be added to the Amount Required to Cure the Payment Default. You have thirty (30) days from the date of this notice to pay us the Amount Required to Cure. This Cure Date is October 17, 2022. In addition, there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances, that SPS paid on your behalf or advanced to your account. These amounts are not required to cure the payment default; however, you still owe us these amounts. We are not waiving our right to demand that you pay them at a later date, but payment of these additional amounts is not required to cure the payment default at this time.

**Possible Consequences of Default**
If we do not receive the Amount Required to Cure by the Cure Date listed above, or some loss mitigation alternative to foreclosure has not started, the Noteholder will accelerate all payments owing on your Note and require that you pay all payments owing and sums secured by the Security Instrument in full, and may take additional action up to and including referral for legal action. If that happens, you may lose your home. If a foreclosure sale is initiated, your property may be sold at foreclosure sale and you may be evicted from your home. You will be responsible to pay our expenses in pursuing these remedies, including without limitation, reasonable attorney fees to the extent permitted by law.

**Your Rights**
As provided in the Security Instrument you have the right to reinstate your loan even after foreclosure has been initiated and prior to sale. This means that once you have met the conditions, the enforcement of the Security Instrument will be stopped and your Note and Security Instrument will remain, as if demand for payment in full had not been made. You will have this right at any time before the earliest of: (a) five days before sale of the property under any power of sale granted by the Security Instrument; (b) another period as applicable law might specify for the termination of your right to have enforcement of the loan stopped; or (c) a judgment has been entered enforcing your Security Instrument.

You have the right to bring a court action if you claim that the loan is not in default or if you believe that you have any other defense to the foreclosure.

If you wish to dispute your delinquency or the correctness of the Amount Required to Cure the Default, you may do so by providing a written dispute to SPS at the following address:

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

You may call SPS at our toll free number 800-258-8602 to discuss your dispute. However, to protect your rights under federal law, you will need to provide written notice to SPS if you believe that your dispute is unresolved.

If foreclosure has been initiated, SPS requires that you pay reinstatement amounts in certified funds. Certified funds include a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect. Please contact SPS at 800-635-9698 for instructions on submitting these funds.

### Payment Options
Please provide payments to the following address:

Sent via US Mail to:                              Sent via overnight courier to:
**Select Portfolio Servicing, Inc.**              **Select Portfolio Servicing, Inc.**
**PO Box 65450 Salt Lake City, UT 84165-0450**    **Attn: Remittance Processing**
                                                  **3217 S. Decker Lake Dr., Salt Lake City, UT 84119**

Payments may be submitted in the following forms:
(a)   Personal check (if foreclosure action has not been initiated)
(b)   Money order
(c)   Bank wire (electronic funds transfer). Please contact SPS for the information necessary to complete a bank wire.
(d)   Certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency.
(e)   Western Union Quick Collect. Reference the loan number above and deliver to Code City- Oswald, Code State- UT.

In some circumstances, you may be able to submit a payment through EZ Pay by calling 800-258-8602 or visiting our website at **www.spservicing.com**. Please remember that EZ Pay payments clear quickly, and you must have the funds in your checking account on the day you ask us to process a payment. We will obtain your consent prior to initiating payment and will advise you of any fee for this service which may be up to $15.00.

You may incur additional fees after the date of this letter pursuant to the terms of the Note and Security Instrument. If foreclosure is initiated, additional amounts for attorney fees and costs may also be incurred. These sums can be significant and may be added to amounts secured by the mortgage. Payment of these additional amounts may not be required to cure the default on your loan, but may be required to bring your loan account current. To obtain the amount required to bring the loan current, please contact SPS at our toll free number 800-635-9698.

Our acceptance of one or more payments for less than the amount required to cure the default shall not be deemed to waive any rights under the Note and Security Instrument.

### Servicemembers Civil Relief Act (SCRA)
SPS is committed to home ownership assistance for active servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.) regarding your interest rate and the risk of foreclosure if you are a servicemember or a dependent of a servicemember. Counseling for covered servicemembers is available at agencies such as Military OneSource (800-342-9647 or www.militaryonesource.mil) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil). Note: your state may have more expansive eligibility criteria than below.  Please contact us as soon as possible if you have any questions or believe you may be eligible.

Eligible service may include, but is not limited to:

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Space Force, Marine Corps and Coast Guard), or
- Reserve and National Guard personnel who have been activated and are on Federal active duty, or
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or



- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

Please send written notice of military service as soon as possible to:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250

If you have questions regarding eligibility and application requirements, please call us at 800-635-9698.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**You Have Options to Avoid Foreclosure!**
SPS is committed to home retention and offers many customer assistance programs designed to help customers avoid foreclosure. These programs are offered at no cost to our customers and are designed to help preserve home ownership or prevent foreclosure through structured repayment plans, special payment arrangements, modifications, short settlements, and deed-in-lieu options, if you are eligible.  If you would like to learn more about these programs, you should immediately contact an SPS representative at our toll-free number, 800-635-9698, or visit our website at www.spservicing.com.  Our representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

**If we can reach an agreement to resolve your default, we will not proceed with and/or commence foreclosure, as long as you comply with the agreement and make required payments.**

**Counseling**
If you would like counseling or assistance you can contact the following:  U.S. Department of Housing and Urban Development.  For a list of homeownership counselors or counseling organizations in your area, go to https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.

**You have options to avoid foreclosure. THE TIME TO ACT IS NOW. Please call us at 800-635-9698.**

Sincerely,

Select Portfolio Servicing, Inc.

COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición  para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

USPS CERTIFIED MAIL



9214 8901 0764 3214 4441 42

EDUARDO FLORES
2911 ASHINGTON DR
HOUSTON, TX 77067



00266169000115010300

 **SPS** SELECT *Portfolio* SERVICING, inc.

Sign up for paperless delivery
at www.spservicing.com

Paperless

September 14, 2022

 EDUARDO FLORES
2911 ASHINGTON DR
HOUSTON, TX 77067

*Sent via certified mail*

### PLEASE READ THIS NOTICE CAREFULLY. TAKE ACTION TO AVOID THE LOSS OF YOUR PROPERTY.

### DEMAND LETTER –NOTICE OF DEFAULT
### NOTICIA DE OMISION

**Account Number:** ▮▮▮▮▮▮▮
**Property Address:**   2418 UNION MILL RD
HOUSTON TX 77067

Dear Customer(s):

SPS is acting as the Mortgage Loan Servicer for Freddie Mac, who is the owner of the Note and Deed of Trust associated with your real estate loan.  SPS, as Mortgage Loan Servicer, is representing Freddie Mac, whose address is:

Freddie Mac
C/O Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr., Salt Lake City, UT 84119

SPS is authorized to represent Freddie Mac, by virtue of a servicing agreement. Pursuant to the servicing agreement and Texas Property Code 51.0025, SPS is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above-referenced loan. All notices, payments, correspondence, and other communications regarding your real estate loan should continue to be directed to SPS.

The mortgage on your property is in default as a result of your failure to make payments as required by the Note and Deed of Trust or Mortgage (Security Instrument). We have previously sent you letters and communications regarding this default in an attempt to resolve this matter. This letter provides information about the default and what rights you have to cure the default. SPS has been instructed on behalf of the owner of the Note and Deed of Trust to pursue remedies under the Security Instrument unless you take action to cure the default before the Cure Date shown below.

This letter provides notice of the following:

**The Default**
You have failed to make payments under the Note and Security Instrument as shown below. This letter is a formal demand for payment.



**Action Required to Cure the Default**
To cure this default, you must pay the Amount Required to Cure together with payments which may subsequently become due, on or before the Cure Date listed.

**Amount Required to Cure the Payment Default**
As of the date of this letter, the total amount due and required to cure the default on your loan is $16,554.26 (Amount Required to Cure) as itemized below:

| Itemization of Amount Required to Cure<br>Cure Date: October 17, 2022 | |
|---|---:|
| Payment due for 09/01/2021 | $16,640.31 |
| *Total amount due includes Escrow Payments (Taxes/Insurance) of $942.95* | |
| Accrued Late Charges | $0.00 |
| Advances made on Customer's behalf | $60.00 |
| Escrow advance balance (Deficit) | $0.00 |
| **Total Amount Outstanding** | **$16,700.31** |
| Unapplied balance | $146.05 |
| **AMOUNT REQUIRED AS OF September 14, 2022 TO CURE THE DEFAULT** | **$16,554.26** |

If additional payments become due between the date of this letter and the Cure Date, those sums must be added to the Amount Required to Cure the Payment Default. You have thirty (30) days from the date of this notice to pay us the Amount Required to Cure. This Cure Date is October 17, 2022. In addition, there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances, that SPS paid on your behalf or advanced to your account. These amounts are not required to cure the payment default; however, you still owe us these amounts. We are not waiving our right to demand that you pay them at a later date, but payment of these additional amounts is not required to cure the payment default at this time.

**Possible Consequences of Default**
If we do not receive the Amount Required to Cure by the Cure Date listed above, or some loss mitigation alternative to foreclosure has not started, the Noteholder will accelerate all payments owing on your Note and require that you pay all payments owing and sums secured by the Security Instrument in full, and may take additional action up to and including referral for legal action. If that happens, you may lose your home. If a foreclosure sale is initiated, your property may be sold at foreclosure sale and you may be evicted from your home. You will be responsible to pay our expenses in pursuing these remedies, including without limitation, reasonable attorney fees to the extent permitted by law.

**Your Rights**
As provided in the Security Instrument you have the right to reinstate your loan even after foreclosure has been initiated and prior to sale. This means that once you have met the conditions, the enforcement of the Security Instrument will be stopped and your Note and Security Instrument will remain, as if demand for payment in full had not been made. You will have this right at any time before the earliest of: (a) five days before sale of the property under any power of sale granted by the Security Instrument; (b) another period as applicable law might specify for the termination of your right to have enforcement of the loan stopped; or (c) a judgment has been entered enforcing your Security Instrument.

You have the right to bring a court action if you claim that the loan is not in default or if you believe that you have any other defense to the foreclosure.

If you wish to dispute your delinquency or the correctness of the Amount Required to Cure the Default, you may do so by providing a written dispute to SPS at the following address:

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

You may call SPS at our toll free number 800-258-8602 to discuss your dispute. However, to protect your rights under federal law, you will need to provide written notice to SPS if you believe that your dispute is unresolved.

If foreclosure has been initiated, SPS requires that you pay reinstatement amounts in certified funds. Certified funds include a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect. Please contact SPS at 800-635-9698 for instructions on submitting these funds.

**Payment Options**
Please provide payments to the following address:

Sent via US Mail to:                        Sent via overnight courier to:
**Select Portfolio Servicing, Inc.**           **Select Portfolio Servicing, Inc.**
**PO Box 65450 Salt Lake City, UT 84165-0450**  **Attn: Remittance Processing**
                                            **3217 S. Decker Lake Dr., Salt Lake City, UT 84119**

Payments may be submitted in the following forms:
(a)   Personal check (if foreclosure action has not been initiated)
(b)   Money order
(c)   Bank wire (electronic funds transfer). Please contact SPS for the information necessary to complete a bank wire.
(d)   Certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency.
(e)   Western Union Quick Collect. Reference the loan number above and deliver to Code City- Oswald, Code State- UT.

In some circumstances, you may be able to submit a payment through EZ Pay by calling 800-258-8602 or visiting our website at **www.spservicing.com**. Please remember that EZ Pay payments clear quickly, and you must have the funds in your checking account on the day you ask us to process a payment. We will obtain your consent prior to initiating payment and will advise you of any fee for this service which may be up to $15.00.

You may incur additional fees after the date of this letter pursuant to the terms of the Note and Security Instrument. If foreclosure is initiated, additional amounts for attorney fees and costs may also be incurred. These sums can be significant and may be added to amounts secured by the mortgage. Payment of these additional amounts may not be required to cure the default on your loan, but may be required to bring your loan account current. To obtain the amount required to bring the loan current, please contact SPS at our toll free number 800-635-9698.

Our acceptance of one or more payments for less than the amount required to cure the default shall not be deemed to waive any rights under the Note and Security Instrument.

**Servicemembers Civil Relief Act (SCRA)**
SPS is committed to home ownership assistance for active servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.) regarding your interest rate and the risk of foreclosure if you are a servicemember or a dependent of a servicemember. Counseling for covered servicemembers is available at agencies such as Military OneSource (800-342-9647 or www.militaryonesource.mil) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil). Note: your state may have more expansive eligibility criteria than below.  Please contact us as soon as possible if you have any questions or believe you may be eligible.

Eligible service may include, but is not limited to:

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Space Force, Marine Corps and Coast Guard), or
- Reserve and National Guard personnel who have been activated and are on Federal active duty, or
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or



- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

Please send written notice of military service as soon as possible to:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250

If you have questions regarding eligibility and application requirements, please call us at 800-635-9698.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**You Have Options to Avoid Foreclosure!**
SPS is committed to home retention and offers many customer assistance programs designed to help customers avoid foreclosure. These programs are offered at no cost to our customers and are designed to help preserve home ownership or prevent foreclosure through structured repayment plans, special payment arrangements, modifications, short settlements, and deed-in-lieu options, if you are eligible.  If you would like to learn more about these programs, you should immediately contact an SPS representative at our toll-free number, 800-635-9698, or visit our website at www.spservicing.com.  Our representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

**If we can reach an agreement to resolve your default, we will not proceed with and/or commence foreclosure, as long as you comply with the agreement and make required payments.**

**Counseling**
If you would like counseling or assistance you can contact the following:  U.S. Department of Housing and Urban Development.   For a list of homeownership counselors or counseling organizations in your area, go to https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.

**You have options to avoid foreclosure. THE TIME TO ACT IS NOW. Please call us at 800-635-9698.**

Sincerely,

Select Portfolio Servicing, Inc.

COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición  para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**



Sign up for paperless delivery
at www.spsservicing.com

Paperless

September 14, 2022

 EDUARDO FLORES
2418 UNION MILL RD
HOUSTON, TX 77067

*Sent via certified mail*

### PLEASE READ THIS NOTICE CAREFULLY. TAKE ACTION TO AVOID THE LOSS OF YOUR PROPERTY.

### DEMAND LETTER –NOTICE OF DEFAULT
### NOTICIA DE OMISION

**Account Number:** ▮▮▮▮▮▮▮
**Property Address:**   2418 UNION MILL RD
HOUSTON TX 77067

Dear Customer(s):

SPS is acting as the Mortgage Loan Servicer for Freddie Mac, who is the owner of the Note and Deed of Trust associated with your real estate loan. SPS, as Mortgage Loan Servicer, is representing Freddie Mac, whose address is:

Freddie Mac
C/O Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr., Salt Lake City, UT 84119

SPS is authorized to represent Freddie Mac, by virtue of a servicing agreement. Pursuant to the servicing agreement and Texas Property Code 51.0025, SPS is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above-referenced loan. All notices, payments, correspondence, and other communications regarding your real estate loan should continue to be directed to SPS.

The mortgage on your property is in default as a result of your failure to make payments as required by the Note and Deed of Trust or Mortgage (Security Instrument). We have previously sent you letters and communications regarding this default in an attempt to resolve this matter. This letter provides information about the default and what rights you have to cure the default. SPS has been instructed on behalf of the owner of the Note and Deed of Trust to pursue remedies under the Security Instrument unless you take action to cure the default before the Cure Date shown below.

This letter provides notice of the following:

**The Default**
You have failed to make payments under the Note and Security Instrument as shown below. This letter is a formal demand for payment.



**Action Required to Cure the Default**
To cure this default, you must pay the Amount Required to Cure together with payments which may subsequently become due, on or before the Cure Date listed.

**Amount Required to Cure the Payment Default**
As of the date of this letter, the total amount due and required to cure the default on your loan is $16,554.26 (Amount Required to Cure) as itemized below:

| Itemization of Amount Required to Cure Cure Date: October 17, 2022 | |
|---|---:|
| Payment due for 09/01/2021 | $16,640.31 |
| *Total amount due includes Escrow Payments (Taxes/Insurance) of $942.95* | |
| Accrued Late Charges | $0.00 |
| Advances made on Customer's behalf | $60.00 |
| Escrow advance balance (Deficit) | $0.00 |
| **Total Amount Outstanding** | **$16,700.31** |
| Unapplied balance | $146.05 |
| **AMOUNT REQUIRED AS OF September 14, 2022 TO CURE THE DEFAULT** | **$16,554.26** |

If additional payments become due between the date of this letter and the Cure Date, those sums must be added to the Amount Required to Cure the Payment Default. You have thirty (30) days from the date of this notice to pay us the Amount Required to Cure. This Cure Date is October 17, 2022. In addition, there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances, that SPS paid on your behalf or advanced to your account. These amounts are not required to cure the payment default; however, you still owe us these amounts. We are not waiving our right to demand that you pay them at a later date, but payment of these additional amounts is not required to cure the payment default at this time.

**Possible Consequences of Default**
If we do not receive the Amount Required to Cure by the Cure Date listed above, or some loss mitigation alternative to foreclosure has not started, the Noteholder will accelerate all payments owing on your Note and require that you pay all payments owing and sums secured by the Security Instrument in full, and may take additional action up to and including referral for legal action. If that happens, you may lose your home. If a foreclosure sale is initiated, your property may be sold at foreclosure sale and you may be evicted from your home. You will be responsible to pay our expenses in pursuing these remedies, including without limitation, reasonable attorney fees to the extent permitted by law.

**Your Rights**
As provided in the Security Instrument you have the right to reinstate your loan even after foreclosure has been initiated and prior to sale. This means that once you have met the conditions, the enforcement of the Security Instrument will be stopped and your Note and Security Instrument will remain, as if demand for payment in full had not been made. You will have this right at any time before the earliest of; (a) five days before sale of the property under any power of sale granted by the Security Instrument; (b) another period as applicable law might specify for the termination of your right to have enforcement of the loan stopped; or (c) a judgment has been entered enforcing your Security Instrument.

You have the right to bring a court action if you claim that the loan is not in default or if you believe that you have any other defense to the foreclosure.

If you wish to dispute your delinquency or the correctness of the Amount Required to Cure the Default, you may do so by providing a written dispute to SPS at the following address:

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

You may call SPS at our toll free number 800-258-8602 to discuss your dispute. However, to protect your rights under federal law, you will need to provide written notice to SPS if you believe that your dispute is unresolved.

If foreclosure has been initiated, SPS requires that you pay reinstatement amounts in certified funds. Certified funds include a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect. Please contact SPS at 800-635-9698 for instructions on submitting these funds.

**Payment Options**
Please provide payments to the following address:

Sent via US Mail to:                          Sent via overnight courier to:
**Select Portfolio Servicing, Inc.**          **Select Portfolio Servicing, Inc.**
**PO Box 65450 Salt Lake City, UT 84165-0450**  **Attn: Remittance Processing**
                                              **3217 S. Decker Lake Dr., Salt Lake City, UT 84119**

Payments may be submitted in the following forms:
   (a)   Personal check (if foreclosure action has not been initiated)
   (b)   Money order
   (c)   Bank wire (electronic funds transfer). Please contact SPS for the information necessary to complete a bank wire.
   (d)   Certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency.
   (e)   Western Union Quick Collect. Reference the loan number above and deliver to Code City- Oswald, Code State- UT.

In some circumstances, you may be able to submit a payment through EZ Pay by calling 800-258-8602 or visiting our website at **www.spservicing.com**. Please remember that EZ Pay payments clear quickly, and you must have the funds in your checking account on the day you ask us to process a payment. We will obtain your consent prior to initiating payment and will advise you of any fee for this service which may be up to $15.00.

You may incur additional fees after the date of this letter pursuant to the terms of the Note and Security Instrument. If foreclosure is initiated, additional amounts for attorney fees and costs may also be incurred. These sums can be significant and may be added to amounts secured by the mortgage. Payment of these additional amounts may not be required to cure the default on your loan, but may be required to bring your loan account current. To obtain the amount required to bring the loan current, please contact SPS at our toll free number 800-635-9698.

Our acceptance of one or more payments for less than the amount required to cure the default shall not be deemed to waive any rights under the Note and Security Instrument.

**Servicemembers Civil Relief Act (SCRA)**
SPS is committed to home ownership assistance for active servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.) regarding your interest rate and the risk of foreclosure if you are a servicemember or a dependent of a servicemember. Counseling for covered servicemembers is available at agencies such as Military OneSource (800-342-9647 or www.militaryonesource.mil) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil). Note: your state may have more expansive eligibility criteria than below.  Please contact us as soon as possible if you have any questions or believe you may be eligible.

Eligible service may include, but is not limited to:

•   Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Space Force, Marine Corps and Coast Guard), or
•   Reserve and National Guard personnel who have been activated and are on Federal active duty, or
•   National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or



- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

Please send written notice of military service as soon as possible to:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250

If you have questions regarding eligibility and application requirements, please call us at 800-635-9698.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**You Have Options to Avoid Foreclosure!**
SPS is committed to home retention and offers many customer assistance programs designed to help customers avoid foreclosure. These programs are offered at no cost to our customers and are designed to help preserve home ownership or prevent foreclosure through structured repayment plans, special payment arrangements, modifications, short settlements, and deed-in-lieu options, if you are eligible.  If you would like to learn more about these programs, you should immediately contact an SPS representative at our toll-free number, 800-635-9698, or visit our website at www.spservicing.com.  Our representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

**If we can reach an agreement to resolve your default, we will not proceed with and/or commence foreclosure, as long as you comply with the agreement and make required payments.**

**Counseling**
If you would like counseling or assistance you can contact the following:  U.S. Department of Housing and Urban Development.   For a list of homeownership counselors or counseling organizations in your area, go to https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.

**You have options to avoid foreclosure. THE TIME TO ACT IS NOW. Please call us at 800-635-9698.**

Sincerely,

Select Portfolio Servicing, Inc.

COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición  para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sign up for paperless delivery
at www.spservicing.com

Paperless

September 14, 2022

 EDUARDO FLORES
2911 ASHINGTON DR
HOUSTON, TX 77067

*Sent via certified mail*

**PLEASE READ THIS NOTICE CAREFULLY. TAKE ACTION TO AVOID THE LOSS OF YOUR PROPERTY.**

**DEMAND LETTER –NOTICE OF DEFAULT**
**NOTICIA DE OMISION**

**Account Number:** ███████████
**Property Address:**   2418 UNION MILL RD
                        HOUSTON TX 77067

Dear Customer(s):

SPS is acting as the Mortgage Loan Servicer for Freddie Mac, who is the owner of the Note and Deed of Trust associated with your real estate loan.  SPS, as Mortgage Loan Servicer, is representing Freddie Mac, whose address is:

> Freddie Mac
> C/O Select Portfolio Servicing, Inc.
> 3217 S. Decker Lake Dr., Salt Lake City, UT 84119

SPS is authorized to represent Freddie Mac, by virtue of a servicing agreement. Pursuant to the servicing agreement and Texas Property Code 51.0025, SPS is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above-referenced loan. All notices, payments, correspondence, and other communications regarding your real estate loan should continue to be directed to SPS.

The mortgage on your property is in default as a result of your failure to make payments as required by the Note and Deed of Trust or Mortgage (Security Instrument). We have previously sent you letters and communications regarding this default in an attempt to resolve this matter. This letter provides information about the default and what rights you have to cure the default. SPS has been instructed on behalf of the owner of the Note and Deed of Trust to pursue remedies under the Security Instrument unless you take action to cure the default before the Cure Date shown below.

This letter provides notice of the following:

**The Default**
You have failed to make payments under the Note and Security Instrument as shown below. This letter is a formal demand for payment.



**Action Required to Cure the Default**
To cure this default, you must pay the Amount Required to Cure together with payments which may subsequently become due, on or before the Cure Date listed.

**Amount Required to Cure the Payment Default**
As of the date of this letter, the total amount due and required to cure the default on your loan is $16,554.26 (Amount Required to Cure) as itemized below:

| Itemization of Amount Required to Cure<br>Cure Date: October 17, 2022 | |
|---|---:|
| Payment due for 09/01/2021 | $16,640.31 |
| *Total amount due includes Escrow Payments (Taxes/Insurance) of $942.95* | |
| Accrued Late Charges | $0.00 |
| Advances made on Customer's behalf | $60.00 |
| Escrow advance balance (Deficit) | $0.00 |
| **Total Amount Outstanding** | **$16,700.31** |
| Unapplied balance | $146.05 |
| **AMOUNT REQUIRED AS OF September 14, 2022 TO CURE THE DEFAULT** | **$16,554.26** |

If additional payments become due between the date of this letter and the Cure Date, those sums must be added to the Amount Required to Cure the Payment Default. You have thirty (30) days from the date of this notice to pay us the Amount Required to Cure. This Cure Date is October 17, 2022. In addition, there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances, that SPS paid on your behalf or advanced to your account. These amounts are not required to cure the payment default; however, you still owe us these amounts. We are not waiving our right to demand that you pay them at a later date, but payment of these additional amounts is not required to cure the payment default at this time.

**Possible Consequences of Default**
If we do not receive the Amount Required to Cure by the Cure Date listed above, or some loss mitigation alternative to foreclosure has not started, the Noteholder will accelerate all payments owing on your Note and require that you pay all payments owing and sums secured by the Security Instrument in full, and may take additional action up to and including referral for legal action. If that happens, you may lose your home. If a foreclosure sale is initiated, your property may be sold at foreclosure sale and you may be evicted from your home. You will be responsible to pay our expenses in pursuing these remedies, including without limitation, reasonable attorney fees to the extent permitted by law.

**Your Rights**
As provided in the Security Instrument you have the right to reinstate your loan even after foreclosure has been initiated and prior to sale. This means that once you have met the conditions, the enforcement of the Security Instrument will be stopped and your Note and Security Instrument will remain, as if demand for payment in full had not been made. You will have this right at any time before the earliest of; (a) five days before sale of the property under any power of sale granted by the Security Instrument; (b) another period as applicable law might specify for the termination of your right to have enforcement of the loan stopped; or (c) a judgment has been entered enforcing your Security Instrument.

You have the right to bring a court action if you claim that the loan is not in default or if you believe that you have any other defense to the foreclosure.

If you wish to dispute your delinquency or the correctness of the Amount Required to Cure the Default, you may do so by providing a written dispute to SPS at the following address:

Select Portfolio Servicing, Inc.<br>PO Box 65277 Salt Lake City, UT 84165-0277

You may call SPS at our toll free number 800-258-8602 to discuss your dispute. However, to protect your rights under federal law, you will need to provide written notice to SPS if you believe that your dispute is unresolved.

If foreclosure has been initiated, SPS requires that you pay reinstatement amounts in certified funds. Certified funds include a bank wire, cashier's bank check, attorney trust account check, title or escrow company check, or Western Union Quick Collect. Please contact SPS at 800-635-9698 for instructions on submitting these funds.

**Payment Options**
Please provide payments to the following address:

Sent via US Mail to:                                 Sent via overnight courier to:
**Select Portfolio Servicing, Inc.**                **Select Portfolio Servicing, Inc.**
**PO Box 65450 Salt Lake City, UT 84165-0450**     **Attn: Remittance Processing**
                                                    **3217 S. Decker Lake Dr., Salt Lake City, UT 84119**

Payments may be submitted in the following forms:
   (a)   Personal check (if foreclosure action has not been initiated)
   (b)   Money order
   (c)   Bank wire (electronic funds transfer). Please contact SPS for the information necessary to complete a bank wire.
   (d)   Certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency.
   (e)   Western Union Quick Collect. Reference the loan number above and deliver to Code City- Oswald, Code State- UT.

In some circumstances, you may be able to submit a payment through EZ Pay by calling 800-258-8602 or visiting our website at **www.spservicing.com**. Please remember that EZ Pay payments clear quickly, and you must have the funds in your checking account on the day you ask us to process a payment. We will obtain your consent prior to initiating payment and will advise you of any fee for this service which may be up to $15.00.

You may incur additional fees after the date of this letter pursuant to the terms of the Note and Security Instrument. If foreclosure is initiated, additional amounts for attorney fees and costs may also be incurred. These sums can be significant and may be added to amounts secured by the mortgage. Payment of these additional amounts may not be required to cure the default on your loan, but may be required to bring your loan account current. To obtain the amount required to bring the loan current, please contact SPS at our toll free number 800-635-9698.

Our acceptance of one or more payments for less than the amount required to cure the default shall not be deemed to waive any rights under the Note and Security Instrument.

**Servicemembers Civil Relief Act (SCRA)**
SPS is committed to home ownership assistance for active servicemembers and veterans of the United States military. You may be entitled to certain protections under the federal Servicemembers Civil Relief Act (50 U.S.C. 3901 et seq.) regarding your interest rate and the risk of foreclosure if you are a servicemember or a dependent of a servicemember. Counseling for covered servicemembers is available at agencies such as Military OneSource (800-342-9647 or www.militaryonesource.mil) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil). Note: your state may have more expansive eligibility criteria than below.  Please contact us as soon as possible if you have any questions or believe you may be eligible.

Eligible service may include, but is not limited to:

   •   Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Space Force, Marine Corps and Coast Guard), or
   •   Reserve and National Guard personnel who have been activated and are on Federal active duty, or
   •   National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds, or



- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration, or
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

Please send written notice of military service as soon as possible to:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250

If you have questions regarding eligibility and application requirements, please call us at 800-635-9698.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**You Have Options to Avoid Foreclosure!**
SPS is committed to home retention and offers many customer assistance programs designed to help customers avoid foreclosure. These programs are offered at no cost to our customers and are designed to help preserve home ownership or prevent foreclosure through structured repayment plans, special payment arrangements, modifications, short settlements, and deed-in-lieu options, if you are eligible.  If you would like to learn more about these programs, you should immediately contact an SPS representative at our toll-free number, 800-635-9698, or visit our website at www.spservicing.com.  Our representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

**If we can reach an agreement to resolve your default, we will not proceed with and/or commence foreclosure, as long as you comply with the agreement and make required payments.**

**Counseling**
If you would like counseling or assistance you can contact the following:  U.S. Department of Housing and Urban Development.   For a list of homeownership counselors or counseling organizations in your area, go to https://apps.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or you can call HUD at 1-800-569-4287.

**You have options to avoid foreclosure. THE TIME TO ACT IS NOW. Please call us at 800-635-9698.**

Sincerely,

Select Portfolio Servicing, Inc.

COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición  para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

# EXHIBIT J

Mackie Wolf Zientz & Mann, P.C.
PO Box 9077
Temecula, CA 92589-9077

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

9307 1100 1170 1109 7718 88

Send Correspondence to:
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway
Suite 900
Dallas, TX 75254

20221026-89

EDUARDO RENE FLORES
2418 UNION MILL RD
HOUSTON, TX 77067-2025



ACC2

# MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARKWAY OFFICE CENTER, SUITE 900
14160 DALLAS PARKWAY
DALLAS, TX 75254
PHONE (214) 635-2650  FAX (214) 635-2686
WWW.MWZMLAW.COM
HOURS OF OPERATION: MONDAY - FRIDAY 8:00AM - 5:00PM CST

22-000619-850-1
October 26, 2022
CERT MAIL
EDUARDO RENE FLORES
2418 UNION MILL RD
HOUSTON, TX 77067

RE:     Loan No. ████
        MWZM No. 22-000619-850-1
        Property Address: 2418 UNION MILL RD, HOUSTON, TX 77067

### NOTICE OF ACCELERATION OF LOAN MATURITY

Dear EDUARDO RENE FLORES,

We have been retained by SELECT PORTFOLIO SERVICING, INC., Mortgage Servicer for SELECT PORTFOLIO SERVICING, INC., the current Mortgagee of the Note and Deed of Trust related to the above referenced loan.  A servicing agreement between the Mortgagee, whose address is:

SELECT PORTFOLIO SERVICING, INC.
C/O SELECT PORTFOLIO SERVICING, INC.
3217 S. DECKER LAKE DR.
SALT LAKE CITY, UT 84119

and the Mortgage Servicer authorizes the Mortgage Servicer to collect the debt.  We have been employed by our client to represent it in collecting the indebtedness and enforcing the Deed of Trust.

A default occurred under the terms of the Note.  Notification was sent that default had occurred in the payment of the Note and that SELECT PORTFOLIO SERVICING, INC. would accelerate the maturity of the Note if you did not cure the default.  Because of your failure to cure the default, the maturity date of the Note was accelerated effective October 26, 2022.

All unpaid principal and accrued interest on the Note are due and payable at this time.  You may obtain the precise amount due by contacting this firm at **(214) 635-2650**.  Payment must be made by cashier's check, certified check or money orders.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.



Mackie Wolf Zientz & Mann, P.C.
PO Box 9077
Temecula, CA  92589-9077

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway
Suite 900
Dallas, TX  75254

9307 1100 1170 1109 7718 95

20221026-89

EDUARDO RENE FLORES
2911 ASHINGTON DR
HOUSTON, TX 77067-3707



ACC2

# MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARKWAY OFFICE CENTER, SUITE 900
14160 DALLAS PARKWAY
DALLAS, TX 75254
PHONE (214) 635-2650  FAX (214) 635-2686
WWW.MWZMLAW.COM
HOURS OF OPERATION: MONDAY - FRIDAY 8:00AM - 5:00PM CST

22-000619-850-1
October 26, 2022
CERT MAIL
EDUARDO RENE FLORES
2911 ASHINGTON DR
HOUSTON, TX 77067

RE:   Loan No. ███████
MWZM No. 22-000619-850-1
Property Address: 2418 UNION MILL RD, HOUSTON, TX 77067

## NOTICE OF ACCELERATION OF LOAN MATURITY

Dear EDUARDO RENE FLORES,

We have been retained by SELECT PORTFOLIO SERVICING, INC., Mortgage Servicer for SELECT PORTFOLIO SERVICING, INC., the current Mortgagee of the Note and Deed of Trust related to the above referenced loan. A servicing agreement between the Mortgagee, whose address is:

SELECT PORTFOLIO SERVICING, INC.
C/O SELECT PORTFOLIO SERVICING, INC.
3217 S. DECKER LAKE DR.
SALT LAKE CITY, UT 84119

and the Mortgage Servicer authorizes the Mortgage Servicer to collect the debt. We have been employed by our client to represent it in collecting the indebtedness and enforcing the Deed of Trust.

A default occurred under the terms of the Note. Notification was sent that default had occurred in the payment of the Note and that SELECT PORTFOLIO SERVICING, INC. would accelerate the maturity of the Note if you did not cure the default. Because of your failure to cure the default, the maturity date of the Note was accelerated effective October 26, 2022.

All unpaid principal and accrued interest on the Note are due and payable at this time. You may obtain the precise amount due by contacting this firm at **(214) 635-2650**. Payment must be made by cashier's check, certified check or money orders.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.



Mackie Wolf Zientz & Mann, P.C.
PO Box 9077
Temecula, CA 92589-9077

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

9307 1100 1170 1109 7719 01

Send Correspondence to:
Mackie Wolf Zientz & Mann, P.C.
14180 North Dallas Parkway
Suite 900
Dallas, TX 75254

20221026-89

LILIA M. FLORES-GONZALEZ
2418 UNION MILL RD
HOUSTON, TX 77067-2025



ACC2

# MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARKWAY OFFICE CENTER, SUITE 900
14160 DALLAS PARKWAY
DALLAS, TX 75254
PHONE (214) 635-2650  FAX (214) 635-2686
WWW.MWZMLAW.COM
HOURS OF OPERATION: MONDAY - FRIDAY 8:00AM - 5:00PM CST

22-000619-850-1
October 26, 2022
CERT MAIL
LILIA M. FLORES-GONZALEZ
2418 UNION MILL RD
HOUSTON, TX 77067

RE:     Loan No▮▮▮▮▮▮
        MWZM No. 22-000619-850-1
        Property Address: 2418 UNION MILL RD, HOUSTON, TX 77067

### NOTICE OF ACCELERATION OF LOAN MATURITY

Dear LILIA M. FLORES-GONZALEZ,

We have been retained by SELECT PORTFOLIO SERVICING, INC., Mortgage Servicer for SELECT PORTFOLIO SERVICING, INC., the current Mortgagee of the Note and Deed of Trust related to the above referenced loan.  A servicing agreement between the Mortgagee, whose address is:

SELECT PORTFOLIO SERVICING, INC.
C/O SELECT PORTFOLIO SERVICING, INC.
3217 S. DECKER LAKE DR.
SALT LAKE CITY, UT 84119

and the Mortgage Servicer authorizes the Mortgage Servicer to collect the debt.  We have been employed by our client to represent it in collecting the indebtedness and enforcing the Deed of Trust.

A default occurred under the terms of the Note.  Notification was sent that default had occurred in the payment of the Note and that SELECT PORTFOLIO SERVICING, INC. would accelerate the maturity of the Note if you did not cure the default.  Because of your failure to cure the default, the maturity date of the Note was accelerated effective October 26, 2022.

All unpaid principal and accrued interest on the Note are due and payable at this time.  You may obtain the precise amount due by contacting this firm at **(214) 635-2650**.  Payment must be made by cashier's check, certified check or money orders.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

