# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SELECT PORTFOLIO SERVICING, INC., § § § | |
| Plaintiff, § § | Civil Action No. 4:23-cv-00265 |
| v. § § | |
| EDUARDO RENE FLORES and § LILIA M. FLORES-GONZALEZ, § § | |
| Defendants. § | |

## MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS AND BRIEF IN SUPPORT

Plaintiff Select Portfolio Servicing, Inc. ("SPS" or "Plaintiff"), files this, its *Motion for Default Judgment against Defendants and Brief in Support thereof*, and respectfully shows as follows:

### I.   BACKGROUND

1. Plaintiff is Select Portfolio Servicing, Inc.. Defendants are Eduardo Rene Flores and Lilia M. Flores ("Defendants").

2. Plaintiff filed its Original Complaint against Defendants Eduardo Rene Flores and Lilia M. Flores-Gonzalez ("Defendants") on January 24, 2023. [ECF Docket No. 1].

3. Defendant Eduardo Rene Flores was served on February 16, 2023, in accordance with Fed. R. Civ. P. 4(e)(2)(B) at 2418 Union Mill Road, Houston, Texas 77067. [ECF Docket Nos. 9 and 11]. His answer or other response to the Original Complaint was due on March 9, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i).

4. Defendant Lilia M. Flores-Gonzalez was served on February 16, 2023, in accordance with Fed. R. Civ. P. 4(e)(2)(B) at 2418 Union Mill Road, Houston, Texas 77067. [ECF

Docket Nos. 10 and 12]. Her answer or other response to the Original Complaint was due on March 9, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i).

5. Defendants have not answered or otherwise appeared in this action.

6. On September 1, 2023, the Court granted Plaintiff's Motion for Entry of Default against Defendants Eduardo Rene Flores and Lilia M. Flores-Gonzalez ordering the Clerk of Court to enter default against Defendants Eduardo Rene Flores and Lilia M. Flores-Gonzalez. (ECF Docket No. 17.) Defendants have not otherwise attempted to defend themselves against the Original Complaint. See FED. R. CIV. P. 55.

7. Defendants are not on active-duty military status. *See* Exhibit A-1.

8. Accordingly, Plaintiff now asks the Court to render default judgment against Defendants.

## II.

9. The Court should render a default judgment against Defendants because they have not filed a responsive pleading or otherwise defended the claims against him. Such default constitutes an admission by Defendants of all allegations in Plaintiff's Complaint. Thus, Plaintiff is entitled to a default judgment on liability and damages. With regard to the issue of damages, Plaintiff does not seek monetary damages against Defendants, but instead seeks certain declarations regarding the subject real property and seeks a judgment allowing foreclosure of the real property commonly known as 2418 Union Mill Road, Houston, Texas 77067, more particularly described as:

> LOT TWELVE (12) PLUS THE SOUTHEASTERLY 1.0 FOOT OF LOT 11 PLUS THE NORTHWESTERLY 2 FEET OF LOT 13, IN BLOCK SIX (6), OF RUSHWOOD, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OF PLAT THEREOF RECORDED IN VOLUME 218, PAGE 103 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (the "Property").

Therefore, no hearing is necessary to establish the amount of Plaintiff's damages.

10. Plaintiff requested reasonable and necessary attorney's fees against the Defendants based on Texas Civil Practice and Remedies Code Chapter 38 and the terms of the loan documents executed by the Defendants. Plaintiff is entitled to attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. Plaintiff presented its claim for payment to the Defendants. But Defendants have not tendered the amount owed. More than thirty (30) days have expired since the claim was presented.

11. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendants, but as a further obligation owed by Defendants under the subject Note and Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a default judgment against Defendants Eduardo Rene Flores and Lilia M. Flores-Gonzalez on all claims against them in Plaintiff's Original Complaint, and award the following relief:

1. Judgment against Defendants declaring that the following are secured by Plaintiff's Security Instrument on the Property: (a) the outstanding balance of the Note; (b) pre-judgment interest; (c) post-judgment interest from the date of judgment until paid; (d) costs of court; and (e) attorney's fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i).

2. Judgment against Defendants declaring that Plaintiff may foreclose on the Property pursuant to the Security Instrument and Texas Property Code section 51.002; and

3. reform the deeds and instruments of record to include the full legal description as set forth in the Original Complaint;

Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Admission #21340
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    Of Counsel
    State Bar No. 24093448
    Southern District Admission #3121681
    nframe@mwzmlaw.com

    **MACKIE WOLF ZIENTZ & MANN, P.C.**
    14160 N. Dallas Parkway, Suite 900
    Dallas, Texas 75254
    Phone: (214) 635-2650
    Facsimile: (214) 635-2686

    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 10, 2023, a copy of the above and foregoing document was served on the following Defendants in the manner described below:

**Via CMRRR #9314769904300112980549 and U.S. Mail:**
Eduardo Rene Flores
2418 Union Mill Road
Houston, Texas 77067

**Via CMRRR #9314769904300112980570 and U.S. Mail:**
Lilia M. Flores-Gonzalez
2418 Union Mill Road
Houston, Texas 77067

*/s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**