United States District Court
Southern District of Texas
**ENTERED**
October 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SELECT PORTFOLIO SERVICING, INC.,** | § § § | |
| Plaintiff, | § § | Civil Action No. 4:23-cv-00265 |
| v. | § § | |
| **EDUARDO RENE FLORES and LILIA M. FLORES-GONZALEZ,** | § § § § | |
| Defendants. | § | |

## FINAL DEFAULT JUDGMENT

Came on to be considered the above-entitled and numbered cause wherein Select Portfolio Servicing, Inc. ("SPS") is Plaintiff, and Eduardo Rene Flores and Lilia M. Flores-Gonzalez, although having been duly and legally summoned to appear and answer, failed to appear and answer and wholly made default on Plaintiff's claims against them.

**I.**

*Plaintiff's Original Complaint* ("Complaint") against Defendants Eduardo Rene Flores and Lilia M. Flores-Gonzalez (together, "Defendants") was served according to law, and the summons were returned to the Clerk where they remained on file for the time required by law. The Court has read the pleadings and the papers on file and is of the opinion that the allegations of SPS's Complaint have been judicially admitted by Defendants. The Court further finds that Plaintiff does not seek monetary damages against Defendants, but instead seeks certain declarations to reform a deed of trust and a judgment allowing foreclosure against certain real property.

In light of Defendants' default and the nature of SPS's claims, the Court orders as follows:

## II.

1. On or about September 24, 2002, Mel Martinez, Secretary of Housing and Urban Development, of Washington D.C., conveyed certain real property to Diana Sleeman and a Special Warranty Deed was filed for record on September 27, 2002 in the Harris County, Texas property records at Instrument No. W108448. The property was described as:

> LOT TWELVE (12) PLUS THE SOUTHEASTERLY 1.0 FOOT OF LOT 11 PLUS THE NORTHWESTERLY 2 FEET OF LOT 13, IN BLOCK SIX (6), OF RUSHWOOD, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OF PLAT THEREOF RECORDED IN VOLUME 218, PAGE 103 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (the "Property").

2. On November 28, 2003, Diana Sleeman conveyed certain real property to Anthony Martin and Mae Oshea Martin and a General Warranty Deed with Vendor's Lien (with Second Lien) was filed for record on October 30, 2002 in the Harris County, Texas property records at Instrument No. X150797. The General Warranty Deed with Vendor's Lien (with Second Lieon) was re-recorded to correct the omitted portion of the legal description which inadvertently omitted the following boldened and underlined portion of the legal description:

> LOT TWELVE (12) PLUS THE SOUTHEASTERLY 1.0 FOOT OF LOT 11 [**PLUS THE NORTHWESTERLY 2 FEET OF LOT 13**], IN BLOCK SIX (6), OF RUSHWOOD, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OF PLAT THEREOF RECORDED IN VOLUME 218, PAGE 103 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

3. The Corrected General Warranty Deed with Vendor's Lien (with Second Lien) was filed for record on May 22, 2007, in the Harris County, Texas property records at Instrument No. 20070308379.

4. On October 3, 2003, the Property was conveyed via Substitute Trustee's Deed from Thomas E. Reeder, Substitute Trustee, to Deutsche Bank Trust Company Americas f/k/a Bankers

Trust Company, as Trustee and Custodian. The Substitute Trustee's Deed filed for record on October 5, 2006, in the Harris County, Texas property records at Instrument No. 20060098242. Due to a mutual mistake, the Substitute Trustee's Deed inadvertently omitted the northwesterly 2 (two) feet of Lot 13 from the legal description.

5. On July 24, 2007, the Property was conveyed via Special Warranty Deed with Vendor's Lien to Defendants and additionally secured by a Deed of Trust of even date. The Special Warranty Deed with Vendor's Lien was recorded in the real property records of Harris County on August 14, 2007, at Instrument No. 20070498437. Due to mutual mistake, the Special Warranty Deed with Vendor's Lien inadvertently omitted the northwesterly 2 (two) feet of Lot 13 from the legal description.

6. On or about August 7, 2007, for value received, Eduardo Rene Flores executed a Note (the "Note") in the original principal sum of $94,430.00, originally payable to Taylor, Bean & Whitaker Mortgage Corp.

7. The Note is secured by a Deed of Trust of even date therewith, signed by Lilia M. Flores-Gonzalez and Eduardo Rene Flores (together, "Defendants") and filed for record in the Official Public Records of Harris County, Texas under Instrument Number 20070498438 on August 14, 2007, creating a valid lien on the Property. Due to mutual mistake, the Deed of Trust inadvertently omitted the northwesterly 2 (two) feet of Lot 13 from the legal description. The Note and Deed of Trust are hereinafter collectively referred to as the "Loan Agreement."

8. Due to a mutual mistake at loan origination, the legal description of the Property attached to the Deed of Trust is incorrect. The parties intended to describe the Property as described in the Corrective General Warranty Deed; however, the legal description in the Deed of Trust inadvertently omitted the northwesterly 2 (two) feet of Lot 13 from the legal description.

9. A written assignment of Deed of Trust from Mortgage Electronic Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corp., to Cenlar FSB was filed for record in the Official Public Records of Harris County, Texas under Instrument Number 20130186544 on April 19, 2013.

10. Subsequently, Cenlar FSB transferred and assigned the Loan Agreement to Nationstar Mortgage, LLC. The Corporate Assignment of Deed of Trust was filed for record in the Official Public Records of Harris County, Texas under Instrument Number 20130427455 on August 21, 2013.

11. Subsequently, Nationstar Mortgage transferred and assigned the Loan Agreement to Plaintiff. The Corporate Assignment of Deed of Trust was filed for record in the Official Public Records of Harris County, Texas under Instrument Number RP-2019-532530 on December 3, 2019.

12. Plaintiff is the current owner and holder of the Note and beneficiary of the Deed of Trust.

It is **ORDERED, ADJUDGED, and DECREED** that the material allegations of the Complaint be and are deemed judicially admitted as to Defendants. It is further,

**ORDERED, ADJUDGED, and DECREED** that an event of default has occurred on that certain *Note* in the principal amount of $94,430.00, originally payable to Taylor, Bean & Whitaker Mortgage Corp. as lender on a loan secured by the Property described below, executed by Eduardo Rene Flores. It is further,

**ORDERED, ADJUDGED, and DECREED** that that certain *Deed of Trust* ("Deed of Trust" and together with the Note, "Loan Agreement"), which was executed by Defendants and recorded in the official real property records of Harris County, Texas on August 14, 2007, under

Instrument No. 20070498438 grants the beneficiary, its successors and assigns a security interest in the Property, provides Plaintiff—as the current beneficiary of the Deed of Trust—in the event of a default on the obligations on the Note, with a first-lien security interest on the Property described below. It is further,

**ORDERED, ADJUDGED, and DECREED** that the full legal description in the Substitute Trustee's Deed recorded in the official real property records of Harris County, Texas on October 5, 2006, under Instrument No. 20060098242; the Special Warranty Deed with Vendor's Lien recorded in the official real property records of Harris County, Texas on August 14, 2007, under Instrument No. 20070498437; the Deed of Trust recorded in the official real property records of Harris County, Texas on August 14, 2007, under Instrument No. 20070498438; the Assignment of Deed of Trust recorded in the official real property records of Harris County, Texas on April 19 2013, under Instrument No. 20130186544; the Corporate Assignment of Deed of Trust recorded in the official real property records of Harris County, Texas on August 21, 2013, under Instrument No. 20130427455; the Corporate Assignment of Deed of Trust recorded in the official real property records of Harris County, Texas on December 3, 2019, under Instrument No. RP-2019-532530; and any other related and necessary filings in the chain of title for the Property are hereby reformed to read as follows:

> LOT TWELVE (12) PLUS THE SOUTHEASTERLY 1.0 FOOT OF LOT 11 PLUS THE NORTHWESTERLY 2 FEET OF LOT 13, IN BLOCK SIX (6), OF RUSHWOOD, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OF PLAT THEREOF RECORDED IN VOLUME 218, PAGE 103 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (the "Property").

It is further,

**ORDERED, ADJUDGED, and DECREED** that Plaintiff is mortgagee of the Deed of Trust. It is further,

**ORDERED, ADJUDGED, and DECREED** that due to event of default on the Note, Plaintiff, or its successors or assigns, may enforce its Deed of Trust against the Property through non-judicial foreclosure as provided in the Deed of Trust and section 51.002 of the Texas Property Code, or, alternatively, through judicial foreclosure. It is further,

**ORDERED, ADJUDGED, and DECREED** that foreclosure notices may be mailed to Defendants at the Property address. It is further,

**ORDERED, ADJUDGED, and DECREED** that Plaintiff may further communicate with Defendants and all third parties reasonably necessary to conduct the foreclosure sale of the Property. It is further,

**ORDERED, ADJUDGED, and DECREED** that the purchaser at the foreclosure sale authorized by this order will be vested with full ownership in the Property including all interests held by each and all the Defendants in this case. It is further,

**ORDERED, ADJUDGED, and DECREED** that Plaintiff is awarded attorneys' fees and costs, not as a personal judgment against Defendants but as an additional amount secured by the Deed of Trust, to be determined by subsequent motion. It is further,

**ORDERED, ADJUDGED, and DECREED** that this judgment may be immediately executed by Plaintiff. It is further,

**ORDERED, ADJUDGED, and DECREED** that this judgment is final and appealable and all relief not granted herein is denied.

Signed this 23rd day of October, 2023.

_____
**HON. CHARLES ESKRIDGE**
**UNITED STATES DISTRICT JUDGE**